# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUSTIN DILLS,

     Plaintiff,

vs.                             Case No.:

DADE CITY CHEVROLET, INC.,
d/b/a JIM BROWNE CHRYSLER
JEEP DODGE RAM,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Justin Dills ("Plaintiff"), by and through the undersigned attorneys, hereby sues Defendant, Dade City Chevrolet, Inc., d/b/a Jim Browne Chrysler Jeep Dodge Ram ("Defendant" or "Jim Browne"), and alleges as follows:

## INTRODUCTION

Mr. Dills began working for Defendant as a service advisor on December 4, 2023. In 2024, Mr. Dills began struggling with alcoholism due to family medical issues and work-related stress. On March 14, 2025, Mr. Dills recognized that he needed professional help and checked into a local rehabilitation center. Following his time at the center, Mr. Dills required additional time off to work on his sobriety and address his mental health issues. Thus, on March 21, 2025, Mr. Dills clearly and unequivocally requested leave under the Family and Medical Leave Act ("FMLA").

Just three weeks after requesting leave under the FMLA, Mr. Dills' employment

1

was terminated. Mr. Dills was told by Defendant that his FMLA request was denied, and it was best if they "part ways". Following the termination, Defendant tried to claim Mr. Dills' previous work absences as the reason for his termination. Defendant's stated reason for termination was false and pretextual, and Plaintiff brings this action to recover for Defendant's unlawful interference, discrimination, and retaliation.

Plaintiff seeks redress including compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life; compensation for lost wages, liquidated damages, punitive damages, benefits (including uninsured medical expenses incurred), and other remuneration, attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("ADA") and the Family and Medical Leave Act, 29 CFR § 825.220 ("FMLA").

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims under the Florida Civil Rights Act ("FCRA") pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative facts as Plaintiff's federal claims.

3.      At all relevant times, Defendant was a covered "employer" pursuant to the FMLA, employing fifty or more employees in a 75-mile radius.

4.      At all times material hereto, Plaintiff was an "employee" of Defendant

within the meaning of the FMLA, having been employed for more than one year and having worked 1,250 hours in the 12 months preceding his request for FMLA leave.

5.   Defendant is an employer as defined by the FCRA and ADA and employs more than fifteen (15) employees in the state of Florida.

6.   Plaintiff was an employee pursuant to the FCRA and ADA.

7.   Defendant at the time of all incidents described herein was registered to do business in Florida, conducted business and operated in the Middle District of Florida and is within the jurisdiction of this Court.

8.   Thus, venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

9.   Plaintiff is a resident of Pasco County, Florida. At all relevant times, Plaintiff was employed by Defendant as a service advisor.

10.   Defendant is headquartered at 10741 U.S. 301, Dade City, Florida 33525.

## ADMINISTRATIVE PREREQUISITES

11.   All conditions precedent to bringing this action have been performed, have occurred, or have otherwise been satisfied.

12.   Plaintiff timely filed a dual charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on or about April 17, 2025.

13.   The EEOC issued a Notice of Right to Sue on February 19, 2026.

14.    This action is brought within 90 days of Plaintiff receiving the Notice of Right to Sue.

## GENERAL ALLEGATIONS

15.    At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally and state protected rights.

16.    At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of Defendant and was able to perform the essential functions of his position with or without reasonable accommodation, including a period of medical leave.

17.    Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

18.    Plaintiff was hired by Defendant on or around December 4, 2023.

19.    During his employment, Plaintiff was not informed that his employment was in jeopardy due to attendance or performance concerns.

20.    In 2024, Plaintiff had multiple conversations with Defendant's management regarding the fact that he was struggling with alcoholism.

21.    Plaintiff informed Defendant that his alcoholism was being exacerbated by family medical issues as well as work related stress.

22.    On or about March 14, 2025, Plaintiff sought treatment at Windmoor Healthcare for alcoholism and related mental health conditions including depression, anxiety and post-traumatic stress disorder.

23. On or about March 17, 2025, Plaintiff provided Shawn Reutimann with documentation reflecting that he had been admitted and was cleared to return to work on March 19, 2025.

24. In response, Plaintiff was told that Defendant was covered for the remainder of the week.

25. Plaintiff continued to struggle with the aforementioned symptoms of his alcoholism, depression, anxiety and post-traumatic stress disorder.

26. Therefore, on or about, Mr. Dills clearly advised Defendant he had been diagnosed with depression, anxiety, and post-traumatic stress disorder.

27. Additionally, on or about March 21, 2025, Plaintiff texted Shawn Reutimann, "I would like to request an extended leave of absence please, FMLA." Plaintiff thereby expressly invoked the FMLA and requested medical leave.

28. After Plaintiff requested leave, Mr. Reutimann asked Plaintiff to provide his home address.

29. On or about March 31, 2025, Defendant's comptroller, Sue Mudge, sent Mr. Dills a text message that she was aware Mr. Dills had requested FMLA leave.

30. On or about April 3, 2025, Plaintiff informed Ms. Mudge that he had contacted his doctor and was told the doctor would not complete FMLA paperwork. Plaintiff also explained that he could not obtain an appointment with another doctor for approximately one month and asked what the next steps should be.

31. In response, Ms. Mudge informed Plaintiff that he needed a release to return to work because he needed time to adjust to his new medications.

32.     Later that day, Ms. Mudge directed Plaintiff to have the physician who diagnosed his medical condition complete the FMLA paperwork. Plaintiff attempted to schedule follow-up care in order to comply.

33.     On or about April 7, 2025, Plaintiff texted Mr. Reutimann and Ms. Mudge informing them that he had a doctor's appointment scheduled.

34.     In the text, Plaintiff specifically stated that he was having the FMLA paperwork and return to work paperwork filled out and sent to them within the next week.

35.     On or about April 9, 2025, Plaintiff provided Ms. Mudge with a doctor's note stating he would be able to return on or about April 14, 2025.

36.     Ms. Mudge informed him that she would let him know the status by the end of the week.

37.     Plaintiff also provided the information to Mr. Reutimann.

38.     On or about April 11, 2025, before Plaintiff was able to submit the requested paperwork, he received a phone call from Joey Browne, a member of Defendant's management.

39.     Browne advised Plaintiff that his request for FMLA leave had been denied because it was "invalid," characterized the request as "ridiculous," and did not provide a meaningful explanation.

40.     Consequently, before Mr. Dills was able to submit the necessary FMLA documents to his diagnosing physician, Defendant terminated his employment.

41.     Defendant had knowledge of Plaintiff's serious health condition.

42.    Defendant failed to provide Plaintiff the protections and benefits of the FMLA and denied his request for leave while Plaintiff was actively attempting to comply with Defendant's directions regarding paperwork and return-to-work documentation.

43.    Defendant interfered with Plaintiff's FMLA rights by denying leave, cutting off the certification process, and terminating Plaintiff before he could complete the paperwork Defendant requested.

44.    Had Defendant not interfered with Plaintiff's federally protected right to FMLA leave, he would have been provided up to 12 weeks of continuous or intermittent leave to address his serious health conditions and would have been able to maintain his company sponsored health insurance benefits.

45.    Defendant's asserted reason for terminating Plaintiff's employment was false and pretextual.

46.    Defendant discriminatorily targeted Plaintiff for termination because of his need for protected medical leave.

47.    At all material times Plaintiff was ready, willing, and able to perform the essential functions of his job with reasonable accommodation.

48.    At all times, Defendant was aware Plaintiff had a record of disability and/or perceived Plaintiff as disabled.

49.    Plaintiff was replaced by a non-disabled individual.

50.    The evidence will prove Defendant's purported "legitimate non-discriminatory" reason for terminating Plaintiff's employment is pretext for unlawful

7

disability discrimination in violation of the FMLA, ADAAA and FCRA.

## COUNT I
## 29 CFR § 825.220
## VIOLATION OF SECTION 105 OF THE FMLA
### (Interference)

51.     Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his Complaint as if fully set forth herein.

52.     Plaintiff suffered from a serious health condition within the meaning of the FMLA, including alcoholism and related mental health conditions for which he sought treatment and follow-up care.

53.     Plaintiff provided sufficient notice of his need for FMLA leave by informing Defendant of his treatment, disclosing his disabilities, expressly invoking the FMLA, and continuing to communicate with Defendant regarding the paperwork and medical documentation needed to support his leave request.

54.     Defendant acknowledged Plaintiff's request for FMLA leave, directed him regarding the paperwork process, received updates from Plaintiff regarding his upcoming doctor's appointment and anticipated submission of FMLA paperwork, and received a return-to-work note stating Plaintiff could return on April 14, 2025.

55.     On or about April 11, 2025, Defendant terminated Plaintiff.

56.     By terminating Plaintiff during the leave process, Defendant interfered with Plaintiff's exercise of rights under the FMLA.

57.     Defendant further interfered with Plaintiff's FMLA rights by denying his request as "invalid," refusing to afford him a reasonable opportunity to complete the

certification process, and terminating him before he could submit the requested paperwork.

58. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of his FMLA rights.

59. As a result of Defendant's unlawful actions, Plaintiff suffered and continues to suffer damages.

60. As a direct and proximate result of Defendant's interference, Plaintiff suffered lost wages, lost benefits, loss of job-protected leave, loss of continued health insurance coverage, and other compensation and remuneration of employment.

61. Defendant's actions constitute willful violations of the FMLA.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. back pay and benefits (including but not limited to uninsured medical expenses incurred);

    b. interest on back pay and benefits (including but not limited to uninsured medical expenses incurred);

    c. front pay and benefits (including but not limited to uninsured medical expenses to be incurred);

    d. liquidated damages;

    e. injunctive and/or equitable relief;

    f. costs and attorney's fees; and

    g. any other relief this Court deems just and equitable.

## COUNT II
### 29 CFR § 825.220
### VIOLATION OF SECTION 105 OF THE FMLA
#### (Retaliation)

62. Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his Complaint as if fully set forth herein.

63. Plaintiff engaged in protected activity under the FMLA by requesting leave, expressly invoking the FMLA, seeking to complete the medical certification process, and communicating with Defendant regarding his need for protected leave.

64. Defendant was aware of Plaintiff's protected activity because Plaintiff directly informed Defendant of his need for leave, Defendant's comptroller acknowledged the leave request, and Defendant communicated with Plaintiff regarding what paperwork and return-to-work documentation it wanted him to provide.

65. Defendant took adverse action against Plaintiff by denying his FMLA leave request and terminating his employment on or about April 11, 2025.

66. The close temporal proximity between Plaintiff's March 21, 2025, FMLA request and his April 11, 2025, termination supports a causal connection between Plaintiff's protected activity and Defendant's retaliatory conduct.

67. Defendant's stated reason for termination, excessive absenteeism, was false and pretextual because Defendant knew Plaintiff was seeking treatment, knew Plaintiff had requested FMLA leave, knew Plaintiff was attempting to comply with the certification process, and nevertheless terminated Plaintiff before that process

could be completed.

68.    Defendant's actions constituted willful violations of the FMLA when it terminated Plaintiff's employment for pretextual reasons.

69.    As a result of Defendant's unlawful actions, Plaintiff suffered and continues to suffer damages.

70.    As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, lost benefits, loss of employment, and other compensation and remuneration.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.  back pay and benefits (including but not limited to uninsured medical expenses incurred);

    b.  interest on back pay and benefits (including but not limited to uninsured medical expenses incurred);

    c.  front pay and benefits (including but not limited to uninsured medical expenses to be incurred);

    d.  liquidated damages;

    e.  injunctive and/or equitable relief;

    f.  costs and attorney's fees; and

    g.  any other relief this Court deems just and equitable.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Disability Discrimination)

71.    Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his

Complaint as if fully set forth herein.

72.    Plaintiff suffered from alcoholism, depression, anxiety, and post-traumatic stress disorder, and/or Defendant regarded Plaintiff as having such impairments, within the meaning of the FCRA.

73.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled because of his medical conditions.

74.    Defendant had knowledge of Plaintiff's treatment, his diagnoses, his need for leave, and his continued attempts to obtain the paperwork Defendant requested, yet denied leave and terminated him shortly thereafter.

75.    At all material times, Plaintiff was qualified to perform the essential functions of his position, with or without reasonable accommodation, including a finite period of medical leave.

76.    Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled because of his medical conditions in violation of the FCRA.

77.    Defendant's asserted reason for terminating Plaintiff was false and pretextual and was used to mask discrimination based upon Plaintiff's actual or perceived disabilities.

78.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

79.    Defendant engaged in discrimination against Plaintiff with malice and

reckless indifference to Plaintiff's rights under the FCRA.

80.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

81.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.  back pay and benefits;

    b.  interest on back pay and benefits;

    c.  front pay and benefits;

    d.  compensatory damages for emotional pain and suffering;

    e.  costs and attorneys' fees;

    f.  injunctive relief;

    g.  punitive damages; and

    h.  any other relief, this Court deems just and equitable.

### COUNT IV
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

82.   Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his Complaint as if fully set forth herein.

83.   Plaintiff engaged in protected activity under the FCRA by disclosing his disabilities, seeking treatment, requesting medical leave, requesting FMLA leave, and opposing Defendant's discriminatory treatment.

84.   Defendant was aware of Plaintiff's protected activity and, shortly after

Plaintiff disclosed his conditions and requested leave, terminated his employment.

85.    Defendant's termination of Plaintiff constituted retaliation for Plaintiff's protected activity under the FCRA.

86.    Defendant's actions were willful and done with malice.

87.    Defendant's stated reason for termination was false and pretextual, and the true reason for Plaintiff's termination was his protected activity and disability-related leave request.

88.    Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to losing his job, wages, and benefits to which Plaintiff is entitled to legal and injunctive relief.

89.    Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.  back pay and benefits;

    b.  interest on back pay and benefits;

    c.  front pay and benefits;

    d.  compensatory damages for emotional pain and suffering;

    e.  costs and attorneys' fees;

    f.  injunctive relief;

    g.  punitive damages; and

    h.  any other relief, this Court deems just and equitable.

## COUNT V

14

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED ("ADA")
### (Disability Discrimination)

90.    Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his Complaint as if fully set forth herein.

91.    Plaintiff is/was disabled as defined by the ADA.

92.    Plaintiff suffers from alcoholism, depression, anxiety, and post-traumatic stress disorder, and/or Defendant regarded Plaintiff as having such impairments, within the meaning of the ADA.

93.    At all material times, Plaintiff was a qualified individual who could perform the essential functions of his position with or without reasonable accommodation, including a finite period of medical leave.

94.    Defendant had knowledge of Plaintiff's treatment, diagnoses, and need for leave, but nevertheless denied Plaintiff's request and terminated him because of his disability and/or perceived disability.

95.    Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled because of his medical conditions in violation of the ADA.

96.    Defendant's asserted reason for termination was false and pretextual and was used to mask discrimination based upon Plaintiff's actual or perceived disabilities.

97.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

98. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the ADA.

99. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

100. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a. back pay and benefits;

      b. interest on back pay and benefits;

      c. front pay and benefits;

      d. compensatory damages for emotional pain and suffering;

      e. costs and attorneys' fees;

      f. injunctive relief;

      g. punitive damages; and

      h. any other relief, this Court deems just and equitable.

## COUNT VI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED ("ADA")
### (Retaliation)

101. Plaintiff re-alleges and re-adopts paragraphs 15 through 50 of his Complaint as if fully set forth herein.

102. Plaintiff engaged in protected activity under the ADA by disclosing his disabilities, seeking treatment, requesting medical leave, requesting FMLA leave, and

requesting accommodation in the form of leave.

103. Defendant knew Plaintiff had engaged in protected activity and, shortly after Plaintiff disclosed his conditions and requested leave, denied the request and terminated Plaintiff's employment.

104. Defendant's termination of Plaintiff constituted unlawful retaliation under the ADA.

105. Defendant's actions were willful and done with malice.

106. Defendant's stated reason for termination was false and pretextual, and Plaintiff's protected activity was a motivating factor in Defendant's decision to terminate him.

107. Plaintiff was injured due to Defendant's violations of the ADA, including but not limited to losing his job, wages, and benefits to which Plaintiff is entitled to legal and injunctive relief.

108. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a. back pay and benefits;

      b. interest on back pay and benefits;

      c. front pay and benefits;

      d. compensatory damages for emotional pain and suffering;

      e. costs and attorneys' fees;

      f. injunctive relief;

17

    g.  punitive damages; and

    h.  any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 19th day of May 2026.

> **/s/ George G. Triantis**
> **GEORGE G. TRIANTIS, ESQ.**
> Fla. Bar No. 1015574
> **MARC R. EDELMAN, ESQ.**
> Fla. Bar No. 0096342
> **MORGAN & MORGAN, P.A.**
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> Telephone: 813-577-4761
> Fax: 813-559-4870
> Gtriantis@forthepeople.com
> Medelman@forthepeople.com
> *Attorneys for Plaintiff*

18